UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALEJANDRO PICAZO,<br><br>  Plaintiff,<br><br>  v.<br><br>RANDSTAD US, LP,<br><br>  Defendant. | Case No. 5:16-cv-06644-HRL<br><br>**ORDER CONDITIONALLY GRANTING PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW**<br><br>Re: Dkt. Nos. 14, 19 |

Plaintiff's counsel move for permission to withdraw from representation. Defendant does not oppose the motion. (Dkt. 16). Although the record indicates that plaintiff was given notice of the present motion, the court has received no objection from him, and briefing on this matter is closed. The motion is deemed suitable for determination without oral argument, and the January 10, 2017 hearing is vacated.[1] Civ. L.R. 71-(b). Upon consideration of the moving papers, the court conditionally grants the motions as follows:

"Counsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Civ. L.R. 11-5(a). "In the Northern District of California, the conduct of counsel is governed by the standards of professional conduct required of members of the State Bar

---

[1] Plaintiff's counsel's motion for leave to appear by telephone at the motion hearing (Dkt. 19) is denied as moot.

of California, including the Rules of Professional Conduct of the State Bar of California." Hill Design Group v. Wang, No. C04-521 JF (RS), 2006 WL 3591206 at *4 (N.D. Cal., Dec. 11, 2006) (citing Elan Transdermal Limited v. Cygnus Therapeutic Systems, 809 F. Supp. 1383, 1387 (N.D. Cal.1992)). Those standards provide that an attorney may seek permission to withdraw if, among other things, the client's conduct renders it unreasonably difficult for the attorney to represent the client effectively. Id. (citing Cal. Rules of Professional Conduct Rule 3-700(C)(1)(d),(f)).

Here, movants request leave to withdraw, citing a breakdown in communication and understanding as to the purpose and meaning of legal representation, as well as an irreparable breakdown in the attorney-client relationship with plaintiff. (Dkt. 14-1, Otkupman Decl. ¶¶4-5). Finding sufficient grounds for withdrawal, the court grants the motion, subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until plaintiff appears by other counsel or pro se. Civ. L.R. 11-5(b).

Plaintiff Alejandro Picazo is advised that he retains all of the obligations of a litigant. Even if he is not represented by an attorney, he must (a) meet filing and other litigation deadlines, (b) follow all court orders and applicable rules, and (c) make scheduled court appearances. To the extent he remains without legal representation, plaintiff is encouraged to seek assistance of the Federal Pro Se Program, located in Room 2070 on the Second Floor of the Federal Courthouse in San Jose. Appointments may be made by (1) signing up in person at the Federal Pro Se Program office or at The Law Foundation of Silicon Valley, 152 N. 3rd Street, 3rd Floor, San Jose, CA; or (2) by calling 408-297-1480. To the extent he has not already done so, plaintiff is also directed to obtain a copy of the court's Handbook for Pro Se Litigants, available on the court's website (http://cand.uscourts.gov) or from the Clerk's Office.

SO ORDERED.

Dated:   January 5, 2017

_____
HOWARD R. LLOYD
United States Magistrate Judge

5:16-cv-06644-HRL Notice has been electronically mailed to:

Michael Anderson Wahlander     mwahlander@seyfarth.com, jdoctor@seyfarth.com, lallen@seyfarth.com, SFOCalendar@seyfarth.com

Michael Edward Harvey     mharvey@seyfarth.com, mhensel@seyfarth.com, sfocalendar@seyfarth.com

Rita Ming-Yuen Leong     rita@olfla.com

Roman Otkupman     roman@olfla.com