UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALEJANDRO PICAZO,<br><br>    Plaintiff,<br><br>  v.<br><br>RANDSTAD US, LP,<br><br>    Defendant. | Case No. 5:16-cv-06644-HRL<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL DISCOVERY AND (2) AMENDING CASE SCHEDULE**<br><br>Re: Dkt. No. 61 |

Defendant Randstad US, LP moves to compel further responses to interrogatories, document requests, and requests for admission. Meanwhile, on September 14, plaintiff filed supplemental responses to the requests at issue. Defendant contends that those supplemental responses are still not sufficient. Upon consideration of the moving and responding papers, as well as the oral arguments presented at the October 10, 2017 hearing, the court grants defendant's motion in part and denies it in part as follows:

**INTERROGATORIES**

Interrogatory 1: This interrogatory asks for information about Randstad employees with whom plaintiff has communicated about the allegations in his complaint. Although plaintiff has provided the names of some individuals, he must supplement his response to this interrogatory to provide (a) a description of what he discussed with each of them; (b) the dates of his

communications with each person; (c) the place or manner of the communication; (d) any other people who know about his communications with the identified individuals; and (e) identification of any documents that relate to plaintiff's answer to this interrogatory.

Interrogatory 2: This interrogatory asks plaintiff to identify any person that he believes has knowledge about any of the complaint's allegations. Although plaintiff has provided the names of some individuals, he must provide a description of what each person knows about his allegations, including dates, places, documents, and witnesses related to each person's knowledge.

Interrogatory 3: This interrogatory asks plaintiff for information about each place he has sought employment since July 2016. In view of plaintiff's supplemental response to Interrogatory 4 (which indicates that plaintiff has not been able to seek other employment since July 7, 2016), no further response will be required for Interrogatory 3.

Interrogatory 4: This interrogatory asks plaintiff to state whether he has been unable to seek employment since July 7, 2016 and, if so, the reasons why. Plaintiff appears to have answered this interrogatory. Defendant's motion to compel a further response to this request is denied.

Interrogatory 5: This interrogatory asks plaintiff to identify employers (other than Randstad) for whom he has worked since 2015. And, for each identified employer, he must (a) provide the name, address, and telephone number; (b) identify the type of business; (c) the dates he worked there; (d) the positions he held and his duties and responsibilities for each position; (e) the pay he received, including the dates and amounts of any raises; (f) his supervisors; and (g) the reasons he stopped working there.

Interrogatory 6: This interrogatory seeks information about any kind of income plaintiff has received since July 7, 2016. Plaintiff should do his best to identify the amount he has received in food stamps.

Interrogatory 7: In response to this interrogatory asking about other grievances or charges, plaintiff responded with information concerning "Wage salary, Labor commission 2014." Defendant moved to compel a further response, arguing that plaintiff did not sufficiently identify the proceeding. Plaintiff appended papers to his supplemental response that appears to provide

that information. Defendant's motion to compel a further answer to this interrogatory is denied.

Interrogatory 8: Defendant's motion to compel a further response to this request re plaintiff's criminal history is denied.

Interrogatory 9: This interrogatory asks for information about health care providers plaintiff has seen since 2015. Although plaintiff has identified some health care providers, for each identified individual, he must do his best to provide all of the information requested by this interrogatory, including (a) the provider's full name, current business address, and telephone number; (b) the reason for plaintiff's visits; (c) the diagnosis, prognosis, and course of treatment provided; (d) the date(s) of plaintiff's visits; (e) the duration of the course of treatment; and (f) any mediations prescribed.

Interrogatory 10: This interrogatory asks for information about health care providers plaintiff has seen for any condition he claims to have suffered because of an act or omission by defendant or its employees. Although plaintiff says that he has authorized the release of his medical records, he must do his best to identify any physicians or other health care providers called for in this interrogatory, including (a) the provider's full name, current business address, and telephone number; (b) the reason for plaintiff's visits; (c) the diagnosis, prognosis, and course of treatment provided; (d) the date(s) of plaintiff's visits; (e) the duration of the course of treatment; and (f) any mediations prescribed.

Interrogatory 11: Plaintiff's response seems to state that he does not currently have a working email address. However, this interrogatory asks him to identify any email accounts he (or anyone acting on his behalf) has used to communicate about his employment with defendant or his complaint's allegations. Plaintiff must supplement his response to provide the requested information.

Interrogatory 12: Plaintiff's response seems to indicate that he does not socialize because of his claimed disability. However, this interrogatory asks him to identify any social media accounts he (or anyone acting on his behalf) has used to communicate about his employment with defendant or his complaint's allegations. Plaintiff must supplement his response to provide the requested information.

<u>Interrogatory 13</u>: This interrogatory asks for the amount of damages plaintiff claims. Although plaintiff's September 14 supplemental response appears to provide more information about the bases for his claimed damages, he must supplement this interrogatory to provide defendant with his best estimate as to the amount of damages he claims.

**<u>For each interrogatory that plaintiff has been ordered to provide a further response, plaintiff must provide his further responses to defendant no later than October 31, 2017. Again, to the extent he has not already done so, plaintiff is strongly encouraged to contact the Federal Pro Se Program for assistance.</u>** The Pro Se Program is located on the Second Floor of the Federal Courthouse in San Jose. Help is provided by appointment and on a drop-in basis; however, Fridays are by appointment only. Appointments may be made by: (1) signing up in person at the Program's office (Room 2070) at the San Jose Federal Courthouse; (2) signing up in person at The Law Foundation of Silicon Valley, 152 N. 3rd Street, 3rd Floor, San Jose, CA; or (3) calling 408-297-1480. Additionally, if he has not already done so, plaintiff is also directed to obtain a copy of the court's Handbook for Pro Se Litigants, available on the court's website (http://cand.uscourts.gov) or from the Clerk's Office.

## DOCUMENT REQUESTS

At the motion hearing, plaintiff represented to the court that he has given defendant a copy of all documents he has that are responsive to the document requests, and the court accepted that representation. Nevertheless, plaintiff is reminded that he has an ongoing obligation to supplement his document production to the extent he continues to receive any new documents that should be produced to defendant in response to defendant's document requests. Fed. R. Civ. P. 26(e).

## REQUESTS FOR ADMISSION

As discussed at the motion hearing, plaintiff's failure to timely respond to these requests resulted in the automatic admission of the subject matter of each request. Fed. R. Civ. P. 36(a)(3). Plaintiff did not formally move for leave to withdraw the automatic admissions. Nevertheless, the court, in its discretion, deems the automatic admissions withdrawn and accepts plaintiff's

4

supplemental September 14 responses[1] because it appears that plaintiff was unaware that the consequence of his failure to timely respond was automatic admission. No further response to these requests is required.

**AMENDED CASE SCHEDULE**

In view of the foregoing, and as discussed at the motion hearing, the court grants defendant's request for a brief extension of current case management deadlines as follows:

| | |
|---|---|
| Fact discovery cutoff: | November 20, 2017 |
| Last day for hearing on dispositive motions: | January 16, 2018, 10:00 a.m. |
| Designation of experts with reports: | February 28, 2018 |
| Designation of rebuttal experts with reports | March 14, 2018 |
| Expert discovery cutoff: | April 6, 2018 |
| Final Pretrial Conference: | May 1, 2018, 1:30 p.m. |

Additionally, as discussed at the motion hearing, the November 14, 2017 hearing on plaintiff's summary judgment motion is vacated. The court will re-set the hearing on plaintiff's summary judgment motion to coincide with the hearing on defendant's anticipated motion for summary judgment.

SO ORDERED.

Dated: October 11, 2017

HOWARD R. LLOYD
United States Magistrate Judge

---

[1] At the motion hearing, plaintiff confirmed that his "NO" response to each request for admission was meant to be a denial of the matters in each request.

5