UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALEJANDRO PICAZO,<br><br>    Plaintiff,<br><br>    v.<br><br>RANDSTAD US, LP,<br><br>    Defendant. | Case No. 5:16-cv-06644-HRL<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 110 |

On March 27, 2018, the court denied plaintiff's motion for summary judgment, granted defendant's cross-motion for summary judgment, and entered judgment accordingly. (Dkts. 106, 107).

On April 3, 2017, plaintiff filed a declaration "in support of Motion J.M.O.L.," presumably meaning that he now seeks judgment as a matter of law. (Dkt. 110). Plaintiff subsequently filed additional documents. (Dkts. 112, 114, 115). Defendant objects to plaintiff's motion. The matter is deemed suitable for determination without oral argument. Having considered the moving and responding papers, and for the reasons to be discussed, plaintiff's motion is denied.

Motions for judgment as a matter of law generally are brought in the context of a jury trial. *See* Fed. R. Civ. P. 50. No jury trial was held here. Having read plaintiff's papers, the court finds that they are more properly construed as a request to amend or alter the judgment or for relief from

the judgment. Although such relief is available under Fed. R. Civ. P. and 59(e) and 60(b), Picazo has not persuaded that he is entitled to relief under either rule.

"While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 944 (9th Cir. 2003) (citation omitted). "Indeed, 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.*

"Rule 60(b) of the Federal Rules of Civil Procedure provides a mechanism for parties to seek relief from a judgment when it is no longer equitable that the judgment should have prospective application, or when there is any reason justifying relief from judgment." *Jeff D. v. Kempthorne*, 365 F.3d 844, 851 (9th Cir. 2004). A movant may seek relief from a final judgment for six reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b)(1)-(6).

The Rule 60(b)(6) "catch-all" provision applies only when the reason for granting relief is not covered by any of the other reasons set out in Rule 60. *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007). "'Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice' and 'is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" *Id.* (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)). Thus, a party who seeks such relief "'must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion.'" *Id.* (quoting *Community Dental Services v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002)).

Mere dissatisfaction with the court's order or a belief that the court is wrong in its decision is not an adequate basis for relief under either Rule 59(e) or 60(b). *Doe I v. Cisco Sys., Inc.*, No. 5:11-cv-02449-EJD, 2015 WL 5118004 at *2 (N.D. Cal., Aug. 31, 2005) (citing *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981); *Yocom v. Grounds*, No. C10-03609 SBA, 2012 WL 2277909 at *1 (N.D. Cal., June 18, 2012).

Picazo has not met the standard for relief under either rule. He reiterates that on June 23, 2016, he spoke with Judith Leal and showed her a report concerning his injury; and, plaintiff says that Leal told him that they were not going to use his reports. Claiming that he took a drug screen first and then saw the doctor at the Pinnacle clinic, plaintiff now denies walking out before completing the second drug screen and says that Pinnacle told him he was free to go to Randstad. He now also complains that defendant delayed telling him about his termination. In ruling on summary judgment, the court already considered---and credited---plaintiff's assertions as to his June 23, 2016 discussion with Leal. (Dkt. 106 at 12-13). The court also noted the dates when underlying events occurred and accounted for plaintiff's claim that Randstad staff said they were not going to use his reports. (*Id.* at 4, 6-7). Plaintiff has not provided a basis to reconsider those rulings.

As for plaintiff's other statements and assertions, "[a] motion for relief from judgment is not an appeal or an otherwise proper vehicle to relitigate the underlying claims at issue." *Kwong v. Santa Clara Cnty. Sheriff's Office*, No. 17-cv-02127-BLF, 2018 WL 2041797 at *3 (N.D. Cal., May 2, 2018). "'[T]he merits of a case are not before the court on a Rule 60(b) motion.'" *Id.* (quoting *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260-61 (9th Cir. 2004)). Picazo has not presented any new facts or evidence that could not have been reasonably raised earlier in the litigation. He argues that defendant is lying, but he has not presented "clear and convincing evidence that the [judgment] was obtained through fraud, misrepresentation, or other misconduct," or that the conduct complained of prevented him from fully and fairly presenting his case. *Id.* (quoting *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 880 (9th Cir. 2000)). Indeed, as noted in the court's summary judgment order, plaintiff made myriad filings in connection with the summary judgment motions. And, the court reviewed and considered each

3

one, even though many were untimely and unauthorized, including papers filed after the motions were deemed submitted. The court otherwise finds no extraordinary circumstances justifying relief. Picazo's motion therefore is denied.

SO ORDERED.

Dated: May 8, 2018

HOWARD R. LLOYD
United States Magistrate Judge